UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSIE WILSON, | ) Case No. 1:19CV1494 |
| | ) |
| Petitioner, | ) |
| | ) JUDGE JACK ZOUHARY |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| LYNEAL WAINWRIGHT | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) REPORT AND RECOMMENDATION |

I.  Introduction

Jessie Wilson ("Wilson," or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (R. 1.)  The petition is before the magistrate judge pursuant to Local Rule 72.2.  Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Wilson*, Case No. 2016-CR-0582 (Richland County Mar. 24, 2017).  (R. 1, PageID #: 1; R. 6-1, RX 4.)  Respondent has filed a motion to dismiss the petition (R. 6).  Petitioner opposes that motion and has filed a motion to dismiss ground one of the petition without prejudice (R. 7, 8.)  The undersigned recommends that the respondent's motion to dismiss be denied, and that the petitioner's partial motion to dismiss be granted.

II.     Discussion

Wilson's petition stems from his 2017 conviction for possession of heroin, cocaine, and buspirone, following a jury trial in the Richland County, Ohio Court of Common Pleas. (R. 1, PageID #: 1.) The petition raises two grounds for relief:

> 1. The conviction was obtained through ineffective assistance of trial counsel.
>
> 2. The conviction was obtained through ineffective assistance of appellate counsel.

(R. 1, PageID #: 5, 7.)

Respondent's motion concedes that Wilson raised the first ground, alleging ineffective assistance of trial counsel, on direct appeal, but argues Wilson failed to present it to the Supreme Court of Ohio for review. (R. 6, PageID #: 532, 536.) Respondent moves to dismiss the petition for lack of exhaustion arguing that the petition should be dismissed as a mixed petition, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). *Id.* at 537. Respondent, in the alternative, moves the court to hold the petition in abeyance "pending Wilson's exhaustion of his first ground." *Id.* at 532.

A "mixed" petition contains both exhausted and unexhausted claims. *Pliler v. Ford*, 542 U.S. 225, 227 (2004). "A federal court, generally speaking, may not grant a writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims he has not." *Harris v. Lafler*, 553 F.3d 1028, 1031

2

(6th Cir. 2009). When a district court is confronted with a mixed petition, the Sixth Circuit has presented a choice of four options:

> (1) dismiss the mixed petition in its entirety, [*Rhines v. Weber*, 544 U.S. 269, 274 (2005)], 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Van Durmen v. Smith*, No. 13-1522, 2014 WL 11070972, at *2 (6th Cir. Dec. 12, 2014) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031-1032 (6th Cir. 2009)); *see also Patterson v. Bracy*, No. 5:17CV173, 2018 WL 3956909, at *1 (N.D. Ohio Aug. 17, 2018); *Lyons v. Bergh*, No. 15CV13097, 2017 WL 951278, at *3 (E.D. Mich. Mar. 10, 2017).

Petitioner concedes that his petition, as it stands, is a mixed petition because the first ground is unexhausted; and acknowledges that a petitioner may move the court for a stay or to dismiss such an unexhausted claim. (R. 7, PageID #: 1035.) Petitioner, however, opposes respondent's motion (R. 8), and has moved the court to proceed under the third option provided above, that is, to dismiss the unexhausted claim and proceed solely on the exhausted claim.[1] (R. 7, PageID #: 1035; *see, e.g.*,

---

[1] In addition, a petition for a writ of habeas corpus may be amended "as provided in the rules of procedure applicable to civil actions." *Eller v. Bock*, 422 F.Supp.2d 813, 815 (E.D. Mich. 2006) (citing 28 U.S.C. § 2242). The Federal Rules of Civil Procedure allow a party to amend a pleading within twenty-one days of serving it, or within 21 days after service of a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 15(a). Respondent's motion was filed on October 11, 2019, and petitioner's

3

*Lyons*, 2017 WL 951278, at *3 (addressing the third option).) Respondent has not filed a response to the Wilson's motion to dismiss.

Having considered the foregoing, the undersigned finds Petitioner's motion to dismiss the first ground of his petition (R. 7) well taken. Because the petition as amended would thereafter contain only a single, exhausted ground for relief (*see* R. 6, PageID #: 532 (respondent acknowledging "Wilson's second claim asserting ineffective assistance of appellate counsel was appropriately exhausted and is cognizable")), the court should deny the respondent's motion to dismiss (R. 6).

III. Conclusion

The undersigned recommends that the respondent's motion to dismiss (R. 6) be DENIED, and that the petitioner's motion to dismiss ground one of his petition (R. 7) be GRANTED, for the foregoing reasons.

s/ David A. Ruiz  
David A. Ruiz  
United States Magistrate Judge

Date: January 30, 2020

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72(a); LR 72.3(a). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).

---

responses were placed in the prison mail system on October 25, 2019, so a motion to amend (had petitioner chosen that course) would have been timely and appropriate.