IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| JESSIE WILSON, | ) | CASE NO. 1:19-CV-01494-JZ |
| | ) | |
| | ) | JUDGE JACK ZOUHARY |
| Plaintiff, | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | |

## I.       Introduction

Petitioner, Jessie Wilson, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Wilson is

an Ohio inmate currently serving an eight-year sentence for possession of heroin, possession of

cocaine, and selling, purchasing, distributing, or delivering dangerous drugs. After voluntarily

dismissing one unexhausted ground for relief (ECF Nos. 7, 9, 10), Wilson has one ground

remaining. (ECF No. 1). This matter was referred to me under Local Rule 72.2 to prepare a report

and recommendation on Wilson's petition and other case-dispositive motions. Because Wilson's

claim is meritless, I recommend that the Court deny his petition and not grant him a certificate of

appealability.

## II.      Relevant Factual History

The Court of Appeals of Ohio, Fifth District, set forth the following facts on direct appeal:

> In the months prior to September 1, 2016, officers of the Mansfield
> Police Department METRICH Enforcement Unit conducted

surveillance on 321 and 329 West Sixth Street. The surveillance was initiated because of anonymous tips about drug activity at both locations. Ultimately, METRICH conducted two controlled buys with a confidential informant. During the first buy, the seller, Terry Hardin, was dropped off at 321 West Sixth while the confidential informant waited in the parking lot at the rear of the apartment building. Hardin was observed by the officers to walk over to 329 West Sixth Street, obtain drugs and return to the parking lot. The drugs were then exchanged with the confidential informant. During the second buy on August 25, 2016, the informant purchased the drugs inside 321 West Sixth Street. Wilson's vehicle, a red Chrysler Crossfire, was seen at 329 West Sixth Street on multiple occasions.

On August 31, 2016, law enforcement officers obtained a search warrant from a Mansfield Municipal Court judge to search 329 West Sixth Street, Mansfield, Ohio. Wilson's neighbor, Edward Johnson, who lived at 319 West Sixth Street, identified Wilson to the police as living at 329 West Sixth Street. The morning of the raid, Mr. Johnson heard a knock and went to his front door. He saw Wilson enter the 321 West Sixth Street address. He had also previously seen Wilson walking his dog outside.

When police executed the search warrant at 329 West Sixth Street they found a powdery substance out in the open, which later tested positive as .03 grams of cocaine. A digital scale and plastic baggies were also found. A baggie of marijuana, weighing 28.16 grams, and a baggie of heroin weighing 10.13 grams were found in a utility closet. A pill bottle with 68 Buspirone tablets, weighing 2.57 grams, was found on a mantle. Photographs, including Wilson's were seen on the mantle. When Wilson was arrested, he stated that he lived at 329 West Sixth Street. (1T. at 261).

*Ohio v. Wilson*, 106 N.E.3d 806, 809 (Ohio Ct. App. 2018).

### III.    Relevant Procedural History

#### A.    Indictment

On September 7, 2016, a jury issued an indictment charging Wilson with:

One count of Possession of Heroin in violation of Ohio Rev. Code §§ 2925.11(A), 2925.11(C)(6)(d), a second-degree felony, with a forfeiture specification

> One count of Possession of Cocaine in violation of Ohio Rev. Code §§ 2925.11(A), 2925.11(A)(C)(4)(a), a fifth-degree felony, with a forfeiture specification
>
> One count of Selling, Purchasing, Distributing, or Delivering Dangerous Drugs, in violation of Ohio Rev. Code §§ 4729.51(C)(3), 47299(H), a fifth-degree felony

(ECF No. 6-1, PageID #: 543, 545).

### B.      Jury Trial and Sentencing

Defendant pled not guilty to the charges against him and proceeded to trial by jury. (ECF No. 6-1, PageID #: 543). After both parties rested, Wilson moved for acquittal under Criminal Rule 29, arguing that that there was insufficient evidence of possession. (ECF No. 6-1, PageID #: 976). The court concluded there was sufficient circumstantial evidence of possession and overruled the motion. (ECF No. 6-1, PageID #: 977). On March 24, 2017, the jury found Wilson guilty. (ECF No. 6-1, PageID #: 544). The Court sentenced Wilson to a total of eight years in prison and three years mandatory post release control. (ECF No. 6-1, PAgeID #: 545–46).

### C.      Direct Appeal

On appeal, represented by new counsel, Wilson raised three assignments of error:

> I. Defendant/Appellant denied effective assistance of counsel by failing to file a motion to suppress evidence
>
> II. Defendant/Appellant was denied effective assistance of counsel by failing to file a demand under ORC §2925.51 for the chemist to testify and for the heroin to be available for an independent expert to weigh the heroin
>
> III. The trial court erred in imposing the maximum sentence

(ECF No. 6-1, PageID #: 533). On January 31, 2018, the court of appeals affirmed the judgment of the trial court. *Ohio v. Wilson*, 106 N.E.3d 806 (Ohio Ct. App. 2018). Wilson did not appeal this decision to the Ohio Supreme Court.

### D.      Application to Reopen Direct Appeal

On April 24, 2018, Wilson applied to reopen his appeal pursuant to Ohio App. Rule 26(B)

based on ineffective assistance of his appellate counsel. (ECF No. 9-1, PageID #: 339). He stated

that his appellate counsel should have brought the following assignments of error on direct appeal:

> 1. The trial Court erred in not granting defendant's Rule 29 motion
> for dismissal
>
> 2. Appellant received ineffective assistance of trial counsel because
> his counsel failed to object to the State's prejudicial questioning
> concerning a Youtube video

(ECF No. 6-1, PageID #: 602). On June 11, 2018, the court of appeals denied Wilson's application.

(ECF No. 6-1, PageID #: 624).

### E.      Appeal to Ohio Supreme Court

On July 25, 2018, Wilson filed a pro se notice of appeal in the Ohio Supreme Court. (ECF

No. 6-1, PageID #: 626). Wilson's memorandum in support of jurisdiction raised the following

propositions of law:

> I. Appellate Counsel was ineffective for not arguing on appeal, that
> the trial court committed error in not granting the
> Defendant/Appellant Wilson's Criminal Rule 29 motion for
> dismissal was prejudicial based on the fact if it had been raised on
> appeal, it would have been granted
>
> II. Appellate Counsel was ineffective for not arguing on [] appeal
> that trial counsel was ineffective for not objecting to questioning of
> a co-defendant of the defendant/appellant Wilson's and his rap
> music video on You Tube

(ECF No. 601, PageID #: 628). On September 26, 2018, the Supreme Court of Ohio declined to

accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 6-1, PageID #:

658).

## IV.     Federal Habeas Corpus Petition

On June 28, 2019, Wilson pro se petitioned that this Court issue a writ of habeas corpus. (ECF No. 1). Wilson asserted two grounds for relief:

> **Ground One:** The conviction was obtained through ineffective assistance of trial counsel
>> **Supporting Facts:** Trial counsel should have moved the trial court to suppress unlawfully seized by the authorities against the Defendant that would have fatally effected the State's case, and, 2) defense counsel failed to file a remand under ORC 2925.51 for the chemist to testify and make the heroin available for an independent expert.

> **Ground Two:** The conviction was obtained through ineffective assistance of appellate counsel.
>> **Supporting Facts:** Appellate counsel was ineffective, inter alia, 1) failing to present on appeal the Rule 29 motion, addressing the [insufficiency] of the evidence; and, 2) failing to address trial counse[l]'s failure to object to the YOU-Tube video

(ECF No. 1). On October 11, 2019, Respondent moved to dismiss for lack of exhaustion. (ECF No. 6). Wilson filed a motion to dismiss ground one without prejudice on October 30, 2019. (ECF No. 7). On February 21, 2020, the Court dismissed Wilson's first ground for relief, leaving only ground two. (ECF No. 10). Respondent answered Wilson's petition regarding ground two on June 3, 2020. (ECF No. 11). Wilson did not file a traverse.

## V.      Legal Standards

### A.      Jurisdiction

District courts may entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Richland County Court of Common Pleas sentenced

Wilson, and Richland County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Wilson's § 2254 petition.

### B.    Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted).

### C.    AEDPA Standard of Review

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). "The unreasonable application clause requires the state

court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*. (citations omitted).

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. at 102 (citations omitted). "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## VI.      Ineffective Assistance of Appellate Counsel

Wilson argues that his appellate counsel was ineffective for failing to bring two arguments on appeal. First, Wilson asserts that his appellate counsel should have argued that the trial court erred in concluding that there was sufficient evidence to sustain his convictions. Second, Wilson suggests that his appellate counsel should have argued that his trial counsel was ineffective for failing to object to certain evidence.

In considering an ineffective assistance of appellate counsel claim, a habeas court applies the *Strickland* two-part test. *Haliym v. Mitchell*, 492 F.3d 680, 694 (6th Cir. 2007). Petitioner must show: 1) that his appellate counsel's performance was objectively deficient; and 2) prejudice. *Id.* To determine whether there was prejudice, the court "assess[es] the strength of the claim appellate counsel failed to raise." *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal" *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) (citations omitted). Thus, a claim appellate counsel could have, but did not raise cannot form the basis of an ineffective assistance of counsel claim unless the claim had a reasonable probability of success at the time it could have been raised to have changed the result of the appeal. *Id*. at 699–700. Appellate counsel cannot be ineffective for failing to raise an issue that lacks merit. *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013) (citing *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008)). The Court will take each of Wilson's sub-arguments in turn.

### A.      Insufficient Evidence Argument

First, Wilson argues that his appellate counsel should have argued that the trial court erred in denying his Criminal Rule 29 motion for acquittal. Wilson was convicted of possession of more than 10 grams but less than 50 grams of heroin in violation of Ohio Rev. Code §§ 2925.11(A) and 2925.11(C)(6)(d). He was also charged with possession of less than 5 gram of cocaine in violation of Ohio Rev. Code §§ 2925.11(A) and 2925.11(A)(C)(4)(a). Wilson argued in his 26(B) application that there was insufficient evidence to support these charges because possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found"—which he argues is all the evidence showed here. Ohio Rev. Code § 2925.01(K). He stated that the evidence showed that multiple people came and went from his house and Wilson was not at the house during some of the surveillance. Alternatively, Wilson asserted that the State did not establish constructive possession of the drugs because it did not show that Wilson was conscious that the drugs were there. Wilson presented this argument to the court of appeals in his application to reopen his appeal. The court applied *Strickland*'s two-part test and rejected Wilson's argument, reasoning:

> R.C. 2925.01(K) defines possession as follows: "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.21 proved the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1). Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98 (1989); *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787 (1971); *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348, N.E.2d 351 (1976). Dominion and control may be proven by circumstantial evidence alone. *State v. 12 Trembly*, 137 Ohio App.3d 134, 738

N.E.2d 93 (8th Dist. 2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler*, supra; *State v. Barr*, 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248 (8th Dist. 1993); *State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714, ¶50; *State v. Moses*, 5th Dist. Stark No. 2003CA00384, 2004-Ohio-4943, ¶9. Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith*, 9th Dist. Summit No. 20885, 2002-Ohio-3034, ¶13, citing *State v. Mann*, 93 Ohio App. 3d 301, 308, 638 N.E.2d 585 (8th Dist. 1993). Furthermore, possession may be individual or joint. *Wolery*, 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular item of contraband simultaneously. *State v.Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365 (1982), certiorari denied, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130 (1982).

If the state relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "such evidence to be irreconcilable with any reasonable theory of innocence to support a conviction." *State v. Jenks*, 61 Ohio St. 3d 259, 272, 574 N.E. 2d 492 (1991), paragraph one of the syllabus, superseded by State constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997). "Circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." *Jenks*, 61 Ohio St.3d 160, 168, 555 N.E. 2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott*, 51 Ohio St.2d at 272, 574 N.E2d 293 (1990), citing *Hurt v. Charles J. Rogers Transp. Co*., 164 Ohio St.3d 329, 331, 130 N.E.2d 820 (1955). Moreover, a series of facts and circumstances can be employed by a jury as he basis for the ultimate conclusions in a case. *Lott*, 51 Ohio St.3d at 168, 555 N.E.2d 293, citing *Hurt*, 164 Ohio St. at 331, 130 N.E.2d 820.

 In *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213 (1979), the United States Supreme Court upheld a statute which provided that the presence in an automobile, other than a public ones, of a firearm "is presumptive evidence of its possession by all persons occupying such automobile at the time except (a) where the firearm is found upon the person of an occupant, 9b) where the

automobile is being operated for hire by a licensed operator or (c) if the weapon is a handgun and one of the occupants, not under duress, has a license to have the handgun." *Id*. at 442 U.S. 142-143, 99 S.Ct. 2217. The Court noted that the presumption was not mandatory; rather it was a permissive inference available only in certain circumstances. Further, the jury could ignore the presumption even if there was no affirmative proof offered in rebuttal by the accused. *Id*. at 160-162, 99 S.Ct. at 2226-2227. Finally, the trial judge in *Allen* explained, "that possession could be 13 actual or constructive, but that constructive possession could not exist without the intent and ability to exercise control or dominion over the weapon." *Id.* at 161, 99 S.Ct. at 2226.

The evidence produced during Wilson's jury trial include the following:

> On August 31, 2016, law enforcement officers obtained a search warrant from a Mansfield Municipal Court judge to search 329 West Sixth Street, Mansfield, Ohio. Wilson's neighbor, Edward Johnson, who lived at 319 West Sixth Street, identified Wilson to the police as living at 329 West Sixth Street. The morning of the raid, Mr. Johnson heard a knock and went to his front door. He saw Wilson enter the 321 West Sixth Street address. He had also previously seen Wilson walking his dog outside.

> When police executed the search warrant at 329 West Sixth Street they found a powdery substance out in the open, which later tested positive as .03 grams of cocaine. A digital scale and plastic baggies were also found. A baggie of marijuana, weighing 28.16 grams and a baggie of heroin weighing 10.13 grams were found in a utility closet. A pill bottle with 68 Buspirone tablets, weighing 2.57 grams, was found on a mantel. Photographs, including Wilson's were seen on the mantel. When Wilson was arrested, he stated that he lived at 329 West Sixth Street. (1T. at 261).

*State v. Wilson*, 5th Dist. Richland No. 17CA31, 2018-Ohio-396.

Viewing the evidence in the case at bar, in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Wilson exercised control or dominion over the drugs. We hold, therefore, that the state met its burden of production regarding possession over 10 grams of heroin and possessed less then 5 grams of cocaine accordingly; there was sufficient evidence to support Wilson's conviction.

> It is clear to us that the record provides ample support for a rational trier of fact to conclude that Wilson possessed over 10 grams of heroin and possessed less than 5 grams of cocaine accordingly. Accordingly, we find that the issue asserted by Wilson in his first proposed assignment of error raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal***'" *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753.

(ECF No. 6-1, PageID #: 617–23).

As discussed above, to be successful on his ineffective assistance of appellate counsel claim, there must be a reasonable probability that inclusion of the insufficiency of the evidence argument would have changed the result of the appeal. In assessing an insufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The prosecution produced circumstantial evidence that, on the day of the raid, Wilson was at the house where the drugs were found. On that day, a neighbor saw Wilson walk his dog and enter the house next door to the house where drugs were found. Additionally, Wilson admitted to living at the house where the drugs were found. The police found drugs out in the open and in the utility closet. The Court, therefore, concludes that the court of appeal's determination that this was sufficient evidence was neither an unreasonable application of the facts nor contrary to clearly established federal law. Accordingly, Wilson's first claim is without merit.

### B.      Ineffective Assistance of Trial Counsel Argument

In his second sub-argument, Wilson asserts that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective. Wilson suggests that his trial counsel was ineffective for failing to object to the prosecution's questioning of Wilson's co-defendant regarding a Youtube video the trial court excluded from trial after finding it was more prejudicial

than probative. (ECF No. 6-1, PageID #: 802). (ECF No. 6-1, PageID #: 818–19). The video

depicted a rap song called "Counting up 1000s,"—rapped by Wilson and his co-defendant—that

was about counting money the co-defendant stated he received from selling drugs.[1] (ECF No. 6-

1, PageID #: 818–19). The court of appeals rejected this argument, reasoning:

> Wilson asserts by failing to argue that trial counsel was ineffective
> for failing to object to questions posed to a co-defendant about rap
> videos referencing making "thousands" from the sale of heroin.
>
> However, where there is sufficient independent evidence of a
> defendant's guilt, which renders the admitted statement harmless,
> there is no prejudice and reversal is unwarranted. *State v. Moritz*
> (1980), 63 Ohio St.2d 150, 407 N.E.2d 1269. (Citing *Schneble v.
> Florida* (1972), 405 U.S. 427, 430, 92 S.Ct. 1056, 1059); *State v.
> Stevenson*, Stark App. No. 2005-CA-00011, 2005-Ohio-5216 at ¶ 46

(ECF No. 6-1, PageID #: 645).

For Wilson to be successful on this argument, he must show that there is reasonable

probability that inclusion of the ineffective trial counsel argument would have changed the result

of his appeal. To demonstrate ineffective assistance of trial counsel, the petitioner must show: 1)

that that trial counsel was objectively deficient, and 2) such deficiency resulted in prejudice.

*Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Prejudice results when "there is a

reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings

would have been different." *Id.* at 694.

Assuming Wilson's trial counsel was objectively deficient for failing to object to the

prosecution's questioning and reference to the testimony in closing argument, Wilson has not

demonstrated prejudice. Wilson argued that this testimony affected the jury's verdict. However,

he has not provided any support for this statement or for a conclusion that the jury's verdict likely

---

[1] The Court notes that the co-defendant did not testify that the money came from Wilson's
sale of drugs.

would have been different without the rap song testimony. Upon review, the Court concludes there was sufficient evidence to support the jury's verdict without this evidence. The prosecution introduced evidence that, at the residence Wilson later stated he resided at, police found .03 grams of cocaine out in the open, a digital scale, and plastic baggies. A baggie of marijuana, weighing 28.16 grams and a baggie of heroin weighing 10.13 grams were found in a utility closet. A pill bottle with 68 Buspirone tablets, weighing 2.57 grams, was found on a mantel. Additionally, there was evidence of a prior controlled buy at the house Wilson was seen entering on the day of the raid. Thus, there was evidence of drugs sales associated with the house Wilson entered. This is sufficient evidence for a reasonable jury to find Wilson guilty. Thus, even if trial counsel would have objected to this testimony, there was sufficient evidence to demonstrate Wilson's guilt. Inclusion of this argument by Wilson's appellate counsel, therefore, would not have changed the results of the appeal. Accordingly, Wilson's only ground for relief is without merit.

## VII.    Certificate of Appealability

### A.    Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

**B.      Analysis**

Wilson's sole ground for relief is meritless. If the Court accepts the foregoing recommendation, then Wilson has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue Wilson a certificate of appealability.

## VIII.  Recommendation

Wilson has presented only a meritless claim. Thus, I recommend that the Court DENY Wilson's petition and not grant him a certificate of appealability.

Dated: March 2, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).